UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAN and CAROL SHATTER,
     Plaintiffs,

v.                                      2:24-cv-618-JLB-NPM

UNITED STATES OF AMERICA,
     Defendant.

---

## REPORT AND RECOMMENDATION

In this tax refund case, the United States agreed with the taxpayers at every turn. Answering the two-page complaint, the United States admitted that Alan and Carol Shatter were entitled to the requested refund with statutory interest. (Doc. 11). From there, a less than two-page memorandum in support of an unopposed motion for judgment on the pleadings made short work of the merits. (Docs. 17). And the parties jointly filed a proposed final judgment that was adopted by the court. (Docs. 20, 24). Despite this consensus, we now have a six-page[1] submission from the Shatters seeking $21,201.95 in fees and costs. (Doc. 33). But because the position of the United States in the proceeding was substantially justified, and because the Shatters have failed to establish financial eligibility, the fee-and-cost request should be denied.

---

[1] Captions, certificates, and signature blocks don't count. *See* Local Rule 3.01(a).

## Background

The Shatters are non-resident aliens. (Doc. 1 ¶ 3). Under the Foreign Investment in Real Property Tax Act, a purchaser of property from non-resident aliens is required to "deduct, withhold, and pay" a prescribed amount to the IRS. *See Gilbert v. United States*, 998 F.3d 410, 413 (9th Cir. 2021) (citing 26 U.S.C. §§ 1472; 1445(a)). So, when the Shatters sold a home in Naples, Florida, for $825,000 in April 2022, each of them had $61,875 withheld from their respective shares of the proceeds. (Doc. 34-3).

After obtaining an extension of time to file their tax returns, the Shatters each filed a Form 1040-NR for 2022 in August 2023. (Doc. 34-9 at 6-7, 9-10). Each 1040-NR claimed a tax refund of $61,875. (Doc. 34-4). In September 2023, the IRS claimed it had no record of the withholdings and denied their refund claims. (Doc. 34-5). Five months later, the Shatters filed a Form 843—Claim for Refund for $123,750. (Doc. 34-6).

With no response from the IRS over the next three months, the Shatters initiated this action on July 3, 2024, for a tax refund of $123,750. (Doc. 1). And three months after the court's adoption of the jointly proposed final judgment, the IRS paid $143,668.44, representing the full refund plus $19,918.44 in interest. (Doc. 24; Doc. 34-9 at 6–7, 9–10).

**Legal Standard**

Under certain limited conditions, the United States has waived sovereign immunity for a prevailing taxpayer's reasonable litigation costs[2] in a tax refund suit. *See Ankner v. United States*, No. 2:21-cv-330-JES-NPM, 2024 WL 4825337, *1 (M.D. Fla. Nov. 19, 2024) (citing *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1560 (11th Cir. 1996)).[3] Two are relevant here. The taxpayer must have a net worth of no more than $2 million when the civil action is filed. *See* 26 U.S.C. § 7430(c)(4)(A)(ii) (citing 28 U.S.C. § 2412(d)(2)(B)). And the United States must have taken a position in the litigation that was not substantially justified. *See* 26 U.S.C. § 7430(c)(4)(B)(i). The taxpayer has the burden of proof on the former, and the United States has the burden of persuasion on the latter. The term "position of the United States" means "the position taken by the United States in a judicial proceeding …." 26 U.S.C. § 7430(c)(7)(A); *see also Johnson v. Comm'r of Internal Revenue*, 972 F.3d 655, 658–659 (5th Cir. 2020) (meaning assertions and arguments advanced by the IRS before the court). Substantial justification is a reasonable-person standard. *Id*. at 658.

---

[2] "Reasonable litigation costs" includes court costs, reasonable expenses for expert witness, the reasonable cost of any "study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case," and reasonable attorney fees not to exceed $125 an hour adjusted each year for cost of living adjustments, "unless the court determines that a special factor, such as the limited availability of qualified attorneys for such proceeding, the difficulty of the issues presented in the case, or the local availability of tax expertise, justifies a higher rate." 26 U.S.C. § 7430(c)(1).

[3] It is well established that "sovereign-immunity waivers must be construed narrowly" in favor of the government. *United States v. Miller*, 604 U.S. 518, 534 (2025).

**Analysis**

For failing to demonstrate financial eligibility, the Shatters' fee-and-cost request falters from the start. *See Est. of Palumbo v. United States*, 675 F.3d 234, 237 (3d Cir. 2012) ("the party seeking fees has the burden of proving that it meets the net worth requirements under § 7430"). They must each "meet the relevant net worth cap—$2 million for an individual …." *Olenhouse v. Commodity Credit Corp.*, 922 F. Supp. 489, 492 (D. Kan. 1996). The statute underscores this point. Even if they had submitted a joint tax return—which they did not—they must "be treated as separate individuals" when assessing financial eligibility. 26 U.S.C. § 7430(c)(4)(D)(ii). Instead, Alan and Carol Shatter jointly aver that, when they commenced this action, their aggregate net worth was less $4 million. (Doc. 33-2). That's it. They offer no apportionment between them. Thus, neither of them has satisfied the threshold fee-shifting criteria of the statute, which require both prevailing-party status and financial eligibility. *See* 26 U.S.C. § 7430(c)(4)(A).

Even if the Shatters had made a properly substantiated request, the United States has shown that it never took an unreasonable position "in a judicial proceeding." 26 U.S.C. § 7430(c)(7)(A). It is "surely reasonable" for the United States to concede the merits of a suit at the start. *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1110-1111 (9th Cir. 2007) (affirming rejection of fee-and-cost

request when the United States filed an unopposed motion to dismiss).[4] So the Shatters shift their gaze toward extrajudicial conduct and argue that the United States took an unreasonable position in this proceeding by not tendering the tax refunds sooner. (Doc. 33-1 at 6). But they offer no authority suggesting that a delay in processing uncontested refunds might constitute a position taken by the United States in this case. To the contrary—and consistent with a narrow construction of the sovereign-immunity waiver—courts generally don't look beyond the positions addressed to the court.[5]

As the Ninth Circuit reasoned in *Deja Vu-Lynnwood, Inc. v. United States*: "To show that its position is substantially justified, 'the government must show a reasonable basis in truth for the facts alleged, a reasonable basis in law for the theory it propounds, and a reasonable connection between the facts alleged and the legal theory advanced.'" 21 F. App'x 691, 692–93 (2001) (quoting *Norgaard v. Commissioner*, 939 F.2d 874, 881 (9th Cir. 1991)). Or more succinctly: "fees are not available if the government's position on the merits of the case was 'substantially

---

[4] *See also M-S News Co. v. United States*, No. 88-4082-RDR, 1994 WL 461282, *4 (D. Kan. June 22, 1994) ("Eight months after the case was filed … the government decided to concede [the] case …. This is not characteristic of a substantially unjustified position.").

[5] *See, e.g.*, *Reggi v. United States*, 632 F. Supp. 5, 6 (N.D. Cal. 1986) ("Plaintiffs complain that the IRS took too much time in processing his [*sic*] refund claim and agreeing to the refund he [*sic*] eventually received …. According to plaintiffs this delay establishes that the government's position in the proceeding was unreasonable. The Court is unwilling to equate a delay in the bureaucracy of the IRS in processing a claim as an unreasonable position in the proceeding.").

justified.'" *Jones v. United States*, 207 F.3d 508, 512 (8th Cir. 2000) (quoting 26 U.S.C. § 7430(c)(4)(B)(i)).[6] Likewise, here, the United States never took an unreasonable position on the merits of the tax-refund claims.

Nevertheless, the timing of the refunds was reasonable as well. In fact, the IRS arguably acted with more dispatch than the Shatters. The Shatters waited until August 2023 to file their 2022 tax returns, and they waited another five months after the rejection of their returns before filing their administrative claim. On the other hand, the IRS paid the tax refunds—with interest—three months after the court's adoption of the jointly proposed final judgment. Indeed, even prompt payment of the final judgment appeared to be an almost immaterial afterthought. Because there was no prompt-payment provision in the jointly proposed judgment, the Shatters asked us to add one after we adopted it. (Doc. 26). But because they did not include a meet-and-confer certification, we immediately denied this motion and invited them to refile it. (Doc. 29). They never did.

In sum, neither Alan nor Carol Shatter has established financial eligibility for a fee-and-cost award under the statute, and the United States has shown that it never

---

[6] *See also M-S News Co.*, 1994 WL 461282, *2 (D. Kan. June 22, 1994) ("[T]he relevant 'position' is 'the stance taken by the United States in litigation,' specifically, 'the arguments relied upon by the government in litigation.'" (quoting *In re Graham*, 981 F.2d 1135, 1139 (10th Cir. 1992))).

took an unreasonable position in the proceeding. The Shatters' motion for attorneys'

fees and costs (Doc. 33) should be denied.

**Recommended** on February 16, 2026

_____

NICHOLAS P. MIZELL

United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **The parties are encouraged to meaningfully confer in good faith to narrow or resolve any objections to this report before the end of the fourteen-day objection period, and to promptly file any notice of an agreed resolution.**